[Crim. No. 6157. Third Dist. June 18, 1971.]

In re RICHARD PERLMAN on Habeas Corpus.

## COUNSEL

Paul N. Halvonik and Charles C. Marson for Petitioner.

Evelle J. Younger, Attorney General, Daniel J. Kremer and James T. McNally, Deputy Attorneys General, for Respondent.

## OPINION

**JANES, J.**—On May 8, 1970, while driving on Interstate Highway 5 in Tehama County, petitioner displayed, in open view on the rear of his automobile, a sign or poster two feet long and eight inches high, white in color with blue lettering reading "Fuck War."

He was cited by a state traffic officer for violation of Penal Code section 311.2, subdivision (a) (exhibiting "obscene matter" to others). Convicted thereof by the justice court sitting without a jury, he was sentenced to 30 days in jail. After serving approximately two weeks of that sentence, he was released on bail pending appeal.

The judgment was affirmed in an unpublished opinion by the superior court, which denied certification to this court. On petitioner's application to this court for a writ of habeas corpus (see, *In re Wallace* (1970) 3 Cal.3d 289, 292 [90 Cal.Rptr. 176, 475 P.2d 208]), we issued an order to show cause, stayed further proceedings in the justice court, and ordered that petitioner remain free on bail pending our further order.

 It is unnecessary for us to elaborate upon petitioner's claim that his display of the sign was protected by the First Amendment of the United States Constitution, since we find obvious merit in his alternative contention that the record is wholly devoid of evidence to support his conviction (cf. *In re Wallace, supra,* 3 Cal.3d at pp. 293-294; *In re Giannini* (1968) 69 Cal.2d 563, 577, fn. 11 [72 Cal.Rptr. 655, 446 P.2d 535]).

"Obscene matter" within the scope of section 311.2, subdivision (a), "means matter, taken as a whole, the predominant appeal of which to the average person, applying contemporary standards, is to prurient interest, i.e., *a shameful or morbid interest in nudity, sex, or excretion*; and is matter which taken as a whole goes substantially beyond customary limits of candor in description or representation of such matters; and is matter which taken as a whole is *utterly without redeeming social importance*." (Pen. Code, § 311, subd. (a).) (Italics added.)

Assuming that petitioner's use of the words "Fuck War" went "substantially beyond customary limits of candor," by no stretch of the imagination can his statement be considered to have related to matters of "nudity, sex, or excretion. . . ." Petitioner's automobile sign obviously was not advocating sexual intercourse with war. In a similar case, the United States Supreme Court recently said that "Whatever else may be necessary to give rise to the States' . . . power to prohibit obscene expression, such expression must be, in some significant way, erotic." (*Cohen* v. *California* (1971) 403 U.S. 15, 20 [29 L.Ed.2d 284, 291, 91 S.Ct. 1780] (holding, inter alia, that the words "Fuck the Draft" were not obscene).)[1] Taken in conjunction with the word "War," the word "Fuck" was totally devoid of any sexual connotation and can only be deemed to have been employed in its alternative sense as an expression of decisive rejection by the person using it (equivalent to "To Hell With War"), or as an indication of his extreme dismay, anger, or aversion. (See generally, Wentworth & Flexner, Dictionary of American Slang (1967), pp. 203-204.)

Nor could it reasonably be said that the poster was "utterly without redeeming social importance." To the contrary, in its condemnation of war, petitioner's language—whatever its bad taste—might reasonably be deemed a condemnation of what some view as mankind's greatest "obscenity."

The writ is granted with directions to the justice court to vacate the judgment of conviction and enter a judgment of acquittal.

Pierce, P. J., and Bray, J.,* concurred.

---

[1]*Cohen* was filed after completion of the briefing herein; upon the filing of that decision, the Attorney General has made a written concession that petitioner's conviction was improper under the *Cohen* case.

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.